IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Kinjta Kadeem Sadler *a/k/a Kinjta Sadler Kadeem*, | ) ) ) |
| Petitioner, | ) ) ) |
| vs. | ) ) |
| Charles Williams, *Warden*, | ) ) ) |
| Respondent. | ) ) ) |

Civil Action No. 8:19-cv-0113-TMC

**ORDER**

Petitioner Kinjta Kadeem Sadler ("Petitioner"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "Petition") on January 14, 2019. (ECF Nos. 1, 12, 14). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to a magistrate judge for pretrial handling. On July 3, 2019, the magistrate judge entered a text order granting Respondent's unopposed motion to stay this action pending resolution of Petitioner's state habeas corpus petition before the South Carolina Supreme Court. (ECF No. 33). In granting the motion and staying the case, the magistrate judge noted that Petitioner's state petition "raises basically the same ground he asserts in Ground Two of this federal habeas corpus petition . . . [which] raises a claim stemming from the South Carolina Court of Appeals' reversal of Petitioner's co-defendant's conviction, which reversal was based on a *Batson* challenge that the Court of Appeals noted was preserved as to Petitioner[.]" *Id*. Thus, the magistrate judge stayed this action and directed Respondent to file updates as to the status of the pending state habeas corpus petition every 60 days or within 10 days of its resolution. *Id*. On December 1, 2021, Respondent filed his fifteenth status report indicating that on September 17, 2021, a State circuit judge granted

1

Petitioner post-conviction relief, vacated his convictions, and remanded the case for a new trial, and that the Government would not be appealing the grant of relief to Petitioner. (ECF Nos. 61; 61-1 at 14).

Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending the Petition be denied and dismissed as moot because "the claims raised in the instant Petition . . . were resolved in Petitioner's favor by the state court when it vacated Petitioner's conviction and sentence." (ECF No. 63 at 10). The Report further advised Petitioner of his right to file specific objections to the magistrate judge's findings and recommendations therein. (ECF No. 63-1). The Report was mailed to Petitioner at the address he provided to the court on December 13, 2021, (ECF No. 64), and was returned to the court as undeliverable on December 29, 2021, (ECF No. 65).[1] To date, Petitioner has filed no objections to the Report, and the time to do so has now run.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's

---

[1] The court notes that Petitioner was repeatedly advised of his duty to keep the court informed as to his current address and warned that the failure to do so may result in the dismissal of his case for failure to comply with court orders. (ECF Nos. 5 at 2; 10 at 2).

note).  Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation.  *See Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Therefore, having thoroughly reviewed the Report and the record under the appropriate standards and, finding no clear error, the court adopts the Report in its entirety (ECF No. 63), and incorporates it herein.  Accordingly, Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED and DENIED as moot**.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In the instant matter, the court finds that the petitioner failed to make a "substantial showing of the denial of a constitutional right."  Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
January 10, 2022